**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ADELAIDA JASMINE GARIBO, as | ) | |
| Next Friend of JOSE MANUEL | ) | |
| GARIBO GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CIV-26-755-D |
| | ) | |
| v. | ) | |
| | ) | |
| TODD BLANCHE,[1] et al., | ) | |
| | ) | |
| Respondents. | | |

**<u>ORDER</u>**

The Court is in receipt of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Adelaida Jasmine Garibo ("Ms. Garibo"), as next friend of Jose Manuel Garibo Gonzalez ("Petitioner") in the above-referenced matter.  (Doc. 1).  However, the filing is deficient because it was neither signed nor verified.  (*Id.*)  For the reasons stated below, Ms. Garibo has not met her burden to establish that she may serve as "next friend" on behalf of Petitioner.  This matter may not proceed until these deficiencies are cured.

**I.      Signing the Petition and Requirements for Next Friend Status**

An "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  Individuals who "appear in court on behalf of detained prisoners who are unable,

---

[1] Todd Blanche is now Acting Attorney General and is substituted as respondent for Pamela Bondi.  Markwayne Mullin is now the Secretary of the Department of Homeland Security and is substituted as respondent for Kristi Noem.  *See* Fed. R. Civ. P. 25(d).

usually because of mental incompetence or inaccessibility, to seek relief themselves" are considered "next friends." *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* at 163. But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* "[I]f there were no restriction on 'next friend' standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of 'next friend.'" *Id.* at 164.

Approval for "next friend" status requires that an individual meet two prerequisites. "First, a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163; *see also Williams v. Boone*, 1999 WL 34856, at *5 (10th Cir. Jan. 28, 1999) ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate . . . [and] must have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. Courts have routinely required "next friends" to provide evidentiary proof in support of their explanations in order to meet the prerequisites. *See Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012) (affirming dismissal for lack of jurisdiction

where an individual alleged a prisoner "could not prosecute the action on his own behalf due to mental incapacitation," but "did not submit a medical professional's opinion to support this claim"); *Fanciullo ex rel. Fanciullo v. Hillhouse*, 2023 WL 6388084, at *1 (E.D. Tex. June 30, 2023) (finding explanations as to why the real party in interest cannot appear on his own behalf "must be supported by relevant proof"), *adopted*, 2023 WL 6387367 (E.D. Tex. Sept. 29, 2023); *Atkins v. Unnamed Respondent(s)*, 2023 WL 11915617, at *2 (N.D. Ga. Apr. 12, 2023), ("Atkins's unsupported and conclusory assertions that Daddario is mentally deficient or disabled fall far short of the showing required by precedent."), *adopted*, 2023 WL 11915602 (N.D. Ga. May 5, 2023); *United States v. McFarland*, 2023 WL 1452052, at *2 (E.D. Ky. Feb. 1, 2023) ("Duerson has failed to meet his burden of establishing that he can proceed as McFarland's next friend. . . . [because] Duerson has not provided any concrete evidence to support his claim that McFarland's medical condition prevents her from filing her own § 2255 motion."), *cert. of appealability denied*, 2023 WL 6182604 (6th Cir. July 11, 2023), *cert. denied*, 144 S. Ct. 364 (2023).

## II.    The Support Presented by Ms. Garibo in Support of Next Friend Status Is Insufficient.

Ms. Garibo submits a declaration to the Court, but it is not made under penalty of perjury. (Doc. 2). Ms. Garibo states she is Petitioner's wife and Petitioner is in the process of obtaining a marriage-based green card. (*Id.* at 1). Ms. Garibo asserts that Petitioner "cannot file this petition himself" because "he is detained far from home, has no access to legal resources, and cannot prepare or mail legal documents." (*Id.*)

3

Ms. Garibo's filing indicates a significant relationship between her and Petitioner. However, it falls short of providing an adequate explanation as to why Petitioner cannot appear on his own behalf to prosecute the action.  Although Petitioner may be detained far from home, this is not an impediment to submitting his own legal documents – detainees often file *pro se* actions prepared inside prison walls.  Ms. Garibo's statements regarding Petitioner's lack of legal resources and inability to prepare or mail legal documents are too conclusory to establish next friend status.  She provides no details regarding specific difficulties Petitioner has in these areas.

While the undersigned is sympathetic to Ms. Garibo's desire to assist her husband in being released from custody, there are legal requirements for her to be able to present a Petition on his behalf.  She has not met those requirements.

**III.    Order Providing Two Ways This Case Can Proceed**

**IT IS HEREBY ORDERED that the Petition must be signed and verified in compliance with 28 U.S.C. § 2244 on or before May 11, 2026.  Failure to comply with this Order may result in the dismissal of this action.**

The first way this case can proceed without dismissal is if Petitioner either: (1) personally signs and verifies an Amended Petition; or (2) adopts the statements in the Petition by  signing a copy of the original petition and writing the following statement:  "I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury."

The second way this case can proceed without dismissal is if Ms. Garibo provides additional explanations and evidentiary support to meet the requirements of next friend status. Ms. Garibo should attach a signed and verified copy of the Petition to this explanation, and if the explanation is sufficient, the Court will file the document as an Amended Petition. Under this pathway to proceed, Ms. Garibo must either retain counsel or show cause as to why he may proceed *pro se* as next friend for Petitioner. *See Bermudez Salas v. Figueroa*, No. CIV-26-178-D, 2026 WL 315066, at *2 (W.D. Okla. Feb. 5, 2026) (explaining that "even if [a *pro se* next friend] were recognized as Petitioner's next friend, she could not represent Petitioner or sign filings on her behalf, and would have to employ counsel to do so").

The Clerk of Court is directed to send a copy of the Petition, (Doc. 1), to Petitioner along with this Order.[2]

IT IS SO ORDERED this 20th day of April, 2026.

*Amanda L. Maxfield*
_____
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] This Order should be mailed to Ms. Garibo at the address provided in the Petition, and to Petitioner at the Diamondback Correctional Facility.