# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ADELAIDA JASMINE GARIBO,　　　　　)
as Next Friend of JOSE MANUEL　　　　)
GARIBO GONZALEZ,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　　　　)　　　Case No. CIV-26-755-D
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
TODD BLANCHE, *et al.*,　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　Respondents.　　　　　　　　　)

## ORDER

Jose Manuel Garibo Gonzalez is the named petitioner in a Petition for Writ Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]. However, the Petition was not signed by Petitioner and was submitted by his wife, Adelaida Jasmine Garibo. *Id*. The matter was referred to United States Magistrate Judge Amanda Leigh Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 6].

On April 20, 2026, Judge Maxfield concluded that Petitioner had not signed the Petition and that Ms. Garibo had not shown she was authorized to litigate on his behalf via next friend status. [Doc. No. 7]. Judge Maxfield directed Petitioner to file a signed and verified version of the original petition or file a signed and verified amended petition on or before May 11, 2026. *Id.* at p. 4. In the alternative, Judge Maxfield concluded that the case could also proceed if Ms. Garibo provided additional argument and evidence that was sufficient to support a finding of her next friend status. *Id.* at p. 5. Judge Maxfield warned

1

that "[f]ailure to comply with this Order may result in the dismissal of this action." *Id.* at p. 4.

To date, Petitioner has not filed a verified original petition or an amended petition. On May 15, 2026, Judge Maxfield issued a Report and Recommendation ("Report"), in which she recommends that the Court dismiss without prejudice Petitioner's habeas action for failure to comply with her April 20, 2026 Order. [Doc. No. 10]. In the Report, Judge Maxfield notified Petitioner of his right to file an objection to the Report on or before June 5, 2026, and that failure to object waives his right to appellate review of both factual and legal issues contained in the Report. *See Moore v. United States*. 950 F.2d 656, 659 (10th Cir. 1991).

On June 1, 2026, Ms. Garibo filed a supplemental paper allegedly supporting her claim to be able to litigate this matter on behalf of Petitioner as next friend. [Doc. No. 11]. The supplemental filing contained, in relevant part, evidence of Ms. Garibo and Petitioner's marriage, records from Petitioner's immigration proceedings, banking statements, and a verified declaration from Petitioner in which he requests that this matter not be dismissed and that Ms. Garibo be permitted to act as his next friend, because his detention makes it difficult to proceed *pro se*. *Id.*

The Court construes Ms. Garibo's supplement as an objection to Judge Maxfield's finding that Ms. Garibo did not establish the criteria for next friend status to act on behalf of Petitioner. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and

2

"may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

## DISCUSSION

The Court agrees with Judge Maxfield's conclusion that Ms. Garibo has not established the stringent criteria for next friend standing to bring a lawsuit on behalf of Petitioner.

An "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. A "next friend" may pursue relief on behalf of a detained person who is unable to seek relief on his own. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

To pursue a case as a next friend, the proposed next friend must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id.* at 165; *see also Williams v. Boone*, No. 98-6357, 1999 WL 34856, at *5 (10th Cir. Jan. 28, 1999) ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."). The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and "have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. The burden is on the next friend to "clearly . . . establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164; *see also Jiron v. Swift*, 671 F. App'x 705, 706 (10th

3

Cir. 2016) (unpublished) (denying certificate of appealability and dismissing appeal of "next friend" who failed to satisfy the *Whitmore* factors for next friend standing).

Although Ms. Garibo demonstrated that she has a significant relationship with Petitioner and is "truly dedicated to the best interests" of Petitioner, she has not shown that he is unable to litigate his own case. Indeed, Petitioner's status as a detainee does not demonstrate that he is unable to file or sign his petition justifying the need for a next friend to file one on his behalf. *See, e.g., Jiron*, 671 F. App'x at 706 (unpublished) (rejecting father's attempt to act as next friend when he failed to show how his daughter's incarceration and failure to receive certain documents from the district court "interfered with her ability to communicate with the district court"). Moreover, the fact that Petitioner was able to execute a verified declaration further evidences his ability to sign a petition and litigate this case on his own. [Doc. No. 11, at p. 5].

Accordingly, the Court **ADOPTS** the Report [Doc. No. 10] in its entirety.

### CONCLUSION

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall be entered.

**IT IS SO ORDERED** this 15th day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

4